

**Erie County, Pennsylvania**

**Prothonotary 1992 to Current**

Log Off

© 2013 INFOCON CORPORATION, All Rights Reserved

5/23/2017 - 11:20 AM

| Functions |
|---|
| ENTER |
| DONE |
| EXIT |
| E-MAIL |
| BACK |

| Prothonotary - Inquiry - Dockets Entries |
|---|

Case No:    **2017-11362**                                    Filed Date/Time:  **05/12/2017**      **12:01**

Case Type:  **TORT - MOTOR VEHICLE**

Caption:      **KATHLEEN WION, ADMIN. (vs) HUNTER K RODLAND**

Position to Date: 00/00/0000                         Position to Page:           of    1

| Sel | Date | Description | Pages | Img |
|---|---|---|---|---|
| | 05/12/2017 | CAPTION: KATHLEEN WION AS ADMINISTRATRIX OF THE ESTATE OF NOAH SAMUEL WION VS HUNTER K RODLAND, AARON SANDEN, WATTSBURG AREA SCHOOL DISTRICT, DURHAM SCHOOL SERVICES LP, KENNETH A ERLIN, ERIC DUDA, WILLIAM HALLOCK, NANCY MCNALLY, JOSHUA PARIS, MARTIN PUSHCHAK BRENDA SANDBERG, AARON SNIPPERT, AMANDA THAYER-ZACKS AND ANTHONY PUSHCHAK | | |
| | 05/12/2017 | CIVIL COVER SHEET FILED. | 2 | |
| | 05/12/2017 | COMPLAINT COUNTS I-IX IN AN AMT IN EXCESS OF THE JURISDICTIONAL MINIMUM FOR THE JURY TRIAL TOGETHER W/PUNITIVE DAMAGES DAMAGES FOR DELAY IN PAYMENT INTEREST COSTS OF ACTION ATTY'S FEES W/NOTICE TO DEFEND W/I TWENTY (20) DAYS AND VERIFICATION F/WILLIAM J KELLY, JR ESQ. | 32 | |
| | 05/17/2017 | ACCEPTANCE OF SERVICE OF COMPLAINT OBO DEFTS, WATTSBURG AREA SCHOOL DISTRICT, KENNETH BERLIN, ERIC DUDA, WILLIAM HALLOCK,NANCY MCNALLY, JOSHUA PARIS, MARTIN PUSHCHAK, BRENDA SANDBERG, AARON SNIPPERT, AMANDA THAYER-ZACKS AND ANTHONY PUSHCHAK S/ RICHARD A LANZILLO ESQ ON 5/15/17 | 1 | |
| Bottom | | | | |

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ County

| For Prothonotary Use Only: | COMMON PLEAS COURT ERIE, PA |
|---|---|
| Docket No: | 2017 MAY 12 PH 12:01 |
| 11362-17 | CLERK OF RECORDS PROTHONOTARY |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Notice of Appeal
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

Lead Plaintiff's Name:
Kathleen Wion, Admin.

Lead Defendant's Name:
Hunter K. Rodland

☐ **Check here if you are a Self-Represented (Pro Se) Litigant**

Name of Plaintiff/Appellant's Attorney: William J. Kelly, Jr., Esquire

| Are money damages requested? : ☒ Yes ☐ No | Dollar Amount Requested: (Check one) | ___ within arbitration limits  x  outside arbitration limits |
|---|---|---|

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☒ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Zoning Board
- ☐ Statutory Appeal: Other

Judicial Appeals
- ☐ MDJ - Landlord/Tenant
- ☐ MDJ - Money Judgment
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin

- ☐ Other: _____

## NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.    Cover Sheet**

(a)(1)   This rule shall apply to all actions governed by the rules of civil procedure except the following:

       (i)    actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

       (ii)    actions for support, Rules 1910.1 et seq.

       (iii)    actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

       (iv)    actions for divorce or annulment of marriage, Rules 1920.1 et seq.

       (v)    actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

       (vi)    voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)   At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)   The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)   The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)   A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)   The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet.  The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

KATHLEEN WION, as                         )      IN THE COURT OF COMMON PLEAS
Administratrix of the ESTATE OF           )      OF ERIE COUNTY, PENNSYLVANIA
NOAH SAMUEL WION,                         )
   Plaintiff               )
                                          )
    v.                )      CIVIL ACTION – LAW
                                          )
HUNTER K. RODLAND, AARON                  )
SANDEN, WATTSBURG AREA                    )
SCHOOL DISTRICT, DURHAM SCHOOL)           NO.  11362-17
SERVICES, LP, KENNETH A.                  )
BERLIN, ERIC DUDA, WILLIAM                )
HALLOCK, NANCY McNALLY,                   )
JOSHUA PARIS, MARTIN PUSHCHAK             )
BRENDA SANDBERG, AARON                    )
SNIPPERT, AMANDA THAYER-                  )
ZACKS, and ANTHONY PUSHCHAK               )
   Defendants              )      TRIAL BY JURY OF 12 DEMANDED


## NOTICE


  You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court with further notice for any money claimed in this Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.


  **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

pd 126-

LAWYERS REFERRAL SERVICE
PO Box 1792
Erie, Pennsylvania 16502-1427
(814) 459-4411
Mon. - Fri. (8:30 a.m. - 3:00 p.m.)


Respectfully submitted,

By: _____
William J. Kelly, Jr., Esquire
Attorney for Plaintiff

| | |
|---|---|
| KATHLEEN WION, as ) | IN THE COURT OF COMMON PLEAS |
| Administratrix of the ESTATE OF ) | OF ERIE COUNTY, PENNSYLVANIA |
| NOAH SAMUEL WION, ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION – LAW |
| ) | |
| HUNTER K. RODLAND, AARON ) | |
| SANDEN, WATTSBURG AREA ) | |
| SCHOOL DISTRICT, DURHAM SCHOOL) | NO. |
| SERVICES, LP, KENNETH A. ) | |
| BERLIN, ERIC DUDA, WILLIAM ) | |
| HALLOCK, NANCY McNALLY, ) | |
| JOSHUA PARIS, MARTIN PUSHCHAK ) | |
| BRENDA SANDBERG, AARON ) | |
| SNIPPERT, AMANDA THAYER- ) | |
| ZACKS, and ANTHONY PUSHCHAK ) | |
| Defendants ) | TRIAL BY JURY OF 12 DEMANDED |

## COMPLAINT

AND NOW, comes the Plaintiff, Kathleen Wion, as Administratrix of the Estate
of Noah Samuel Wion, by and through her attorney, WILLIAM J. KELLY, JR., ESQUIRE, and
files this Complaint against Hunter R. Rodland, Aaron Sanden, Wattsburg Area School District,
Durham School Services, LP, Kenneth A. Berlin, Eric Duda, William Hallock, Nancy McNally,
Joshua Paris, Martin Pushchak, Brenda Sandberg, Aaron Snippert, Amanda Thayer-Zacks and
Anthony Pushchak, a summary of which is as follows:

### PARTIES

1.      Plaintiff, Kathleen Wion, is an adult individual residing at 10624 Station
Road, North East, Pennsylvania 16428, also known as 10624 State Route 430.    Plaintiff is the
Administratrix of the Estate of Noah Samuel Wion (hereinafter referred to as "Decedent"), by
virtue of the grant of Letters of Administration by the Erie County Register of Wills on February
21, 2017.

3

2.      Noah Samuel Wion died on account of a motor vehicle pedestrian incident that occurred on February 9, 2017. Noah's death was not instantaneous. While the incident occurred on February 9, 2017 he did not die until February 10, 2017.

3.      At the time of his death, the minor Decedent was 11 years of age with a date of birth of October 3, 2005.

4.      Pursuant to Pennsylvania Rule of Civil Procedure 2204, Plaintiff states the following:

A.      The Plaintiff was the mother of the Decedent;

B.      The Plaintiff files the wrongful death action as stated in this Complaint in her capacity as a personal representative of the Decedent;

C.      The names and addresses of any person entitled by law to recover damages for the wrongful death of the Decedent are the following:

   a.      Kathleen Wion, 10624 State Route 430, North East PA 16428

   b.      Joseph Byerly, 38 ½ Clay Street, North East, PA 16428

D.      The relationship of Joseph Byerly to that of the Decedent was father; and,

E.      The wrongful death action stated herein is brought by the Administratrix on behalf of the wrongful death beneficiaries.

5       The Defendant, Hunter K. Rodland ("Rodland"), is an adult resident of the Commonwealth of Pennsylvania and believed to maintain a principal place of residence at 3470 Depot Road, Harborcreek, PA 16421.

6.      The Defendant, Wattsburg Area School District ("WASD") is a municipal corporation created and existing under the laws of the Commonwealth of Pennsylvania and operating as a local school district at 10792 Wattsburg Road, Erie, PA 16509.

4

7.     The Defendant, Aaron Sanden ("Sanden"), upon information and belief is an adult resident of the Commonwealth of Pennsylvania and at all times relevant to this Complaint, believed to be an employee of the Defendant, Durham School Services, LP.

8.     The Defendant, Kenneth A. Berlin, ("Berlin") upon information and belief is an adult resident of the Commonwealth of Pennsylvania and at all times relevant to this Complaint, believed to be the Superintendent of the Defendant, WASD, maintaining a principal place of business at 10782 Wattsburg Road, Erie, Pennsylvania 16509.

9.     The Defendant, Eric Duda, is an adult resident of the Commonwealth of Pennsylvania.

10.     At all times relevant to the instant matter, the Defendant Duda was employed by the WASD in his capacity as a School Board Member, acting in his individual and official capacities.

11.     The Defendant, William Hallock, is an adult resident of the Commonwealth of Pennsylvania.

12.     At all times relevant to the instant matter, the Defendant Hallock was employed by the WASD in his capacity as a School Board Member, acting in his individual and official capacities.

13.     The Defendant, Nancy McNally, is an adult resident of the Commonwealth of Pennsylvania.

14.     At all times relevant to the instant matter, the Defendant McNally was employed by the WASD in her capacity as a School Board Member, acting in his individual and official capacities.

5

15.     The Defendant, Joshua Paris, is an adult resident of the Commonwealth of Pennsylvania.

16.     At all times relevant to the instant matter, the Defendant Paris was employed by the WASD in his capacity as a School Board Member, acting in his individual and official capacities.

17.     The Defendant, Martin Pushchak, is an adult resident of the Commonwealth of Pennsylvania.

18.     At all times relevant to the instant matter, the Defendant Pushchak was employed by the WASD in his capacity as a School Board Member, acting in his individual and official capacities.

19.     The Defendant, Brenda Sandberg, is an adult resident of the Commonwealth of Pennsylvania.

20.     At all times relevant to the instant matter, the Defendant Sandberg was employed by the WASD in her capacity as a School Board Member, acting in his individual and official capacities.

21.     The Defendant, Aaron Snippert, is an adult resident of the Commonwealth of Pennsylvania.

22.     At all times relevant to the instant matter, the Defendant Snippert was employed by the WASD in his capacity as a School Board Member, acting in his individual and official capacities.

23.     The Defendant, Amanda Thayer-Zacks, is an adult resident of the Commonwealth of Pennsylvania.

6

24.     At all times relevant to the instant matter, the Defendant Thayer-Zacks was employed by the WASD in her capacity as a School Board Member, acting in his individual and official capacities.

25.     The Defendant, Anthony Pushchak, is an adult resident of the Commonwealth of Pennsylvania.

26.     At all times relevant to the instant matter, the Defendant Pushchak was employed by the WASD in his capacity as a School Board Member, acting in his individual and official capacities.

27.     The Defendant, Durham School Services, LP ("Durham") is limited partnership organized and existing under the laws of Delaware and is believed to maintain a principal place of business at 4300 Weaver Parkway, Warrenville, IL 60555.

28.     Jurisdiction and venue are proper in this Court as all events giving rise to the cause of action occurred in Erie County, Pennsylvania. Furthermore, the Defendants, Rodland, Sanden, Berlin, Duda, Hallock, McNally, Paris, M. Pushchak, Sandberg, Snippert, Thayer-Zacks and A. Pushchak are Erie County residents, the WASD is situated in Erie County and the Defendant Durham regularly conducts business in Erie County.

29.     The amount in controversy in this action exceeds the compulsory arbitration limits of this Court.

30.     Upon information and belief, the WASD is a public school district providing educational services to the residents of the Townships of Amity, Greene, Greenfield and Venango and the Borough of Wattsburg.

31.     WASD operates three separate schools:   Wattsburg Area Elementary
Center (elementary school), Wattsburg Middle School (middle school) and Seneca High School
(high school).

32.     Decedent was a student at the middle school.

33.     As noted supra, Decedent lived at 10624 State Route 430, North East,
Pennsylvania 16428 with his mother, the Plaintiff, and his step-father, Joseph Warnick, as well
as several siblings and half-siblings.

34.     One or more of the children living at 10624 State Route 430, North East,
Pennsylvania 16428 attended each of the high school, middle school and the elementary school
at the time of the loss.

35.     School bus services were provided to the Wion residence for delivery of
students to and from all three of the WASD schools on a daily basis with their being three pick-
ups in the morning and three drop-offs in the afternoon at the conclusion of the school day.

36.     Upon information and belief, WASD formerly provided busing services to
its students but in or about 2015 WASD faced budgetary pressure and began to evaluate potential
cost savings that could be realized by subcontracting out busing services to independent
contractor third parties.

37.     Upon information and belief, WASD considered Auxilio, First Student
Services and the Defendant, Durham.

38.     During this evaluation process, the WASD Superintendent, Berlin, as well
as the WASD School District received significant community safety criticism about potentially
subcontracting out busing services out of concern for student safety.    Specifically, Pennsylvania
State Education Association Representative, Jeff Lewis, stated, "they (WASD)say they want to

save money, but they never came to the people that have been working for them 10, 15, 20 years, who have worked with the students, their parents, their grandparents. They know their families here and they are looking to jeopardize the relationships our drivers have."

39.     Clearly, WASD was motivated by economic savings in evaluating the decision to subcontract out busing services. Specifically, WASD Superintendent Berlin noted in 2015, "This has the potential to lessen the tax burdens and future tax raises out here (in Wattsburg) substantially."

40.     Despite public criticism of outsourcing busing services, WASD went forward with its decision to do so, contracting with Durham by way of unanimous vote by the WASD School Board on or about May 2, 2016.

41.     Pursuant to the Durham WASD Contract, Durham purchased the entire thirty one (31) bus WASD fleet and pursuant to a five (5) year contract began providing busing services on or about July 1, 2016.

42.     Upon information and belief, the motivation for hiring Durham and subcontracting out the bus services was an approximate $2,200,000.00 cost savings over the five (5) year contract term.

43.     All twenty five (25) of WASD's then existing drivers were terminated effective June 30, 2016 with a right to reapply with Durham for a position as a driver for that company.

44.     The safe transportation of students entrusted to their exclusive care involves unique and specific non-delegable risks imposed upon WASD, Berlin, Duda, Hallock, McNally, Paris, Marin Puschak, Sandberg, Snippert, Thayer-Zacks and Anthony Puschack.

45.     The Defendants noted in the preceding paragraph failed in their duties to protect the school children entrusted to their care, specifically Decedent, by approving ill planned, unsafe and economically motivated bus routes, specifically the afternoon bus #5 route.

46.     The specific bus involved in this matter was a 2015 Navistar School Bus with the identification markings "Wattsburg Area School District" and bus number "5." It is further alleged that this bus was one of the vehicles sold by WASD to Durham on or about July 1, 2016. ("Durham Bus Number 5")

47.     Upon information and belief, the bus driver of Durham Bus Number 5 involved in this incident, Sanden of 4223 Stanton Street, Erie, Pennsylvania 16510, was not a WASD school bus driver prior to June 30, 2016, but rather was hired by Durham to come in and replace one of the former WASD drivers on the routes for the three Wattsburg schools that Durham would be servicing.

48.     Sanden was, for lack of a better description, a new employee, having never driven any of the Wattsburg routes prior to the beginning the 2016/2017 school year.

49.     Upon information and belief, Sanden previously drove a bus for other school districts and as noted above does not live in the geographic area where this accident took place.

50.     Pursuant to the WASD Policy Manual Section, the school district "shall provide transportation  for all students in accordance with law and Board policy."

51.     The Superintendent, in this instance, Berlin, or designee was obligated to prepare a district map or schedule indicating each bus stop and bus route.

52.     All such routes should have placed students' safety at the highest priority, over any other factors including economics and speed.

10

53.     The WASD, Berlin and the Defendant School Board Members failed to adhere to that non-delegable safety mandate in this instance with respect to afternoon bus #5.

54.     At an August 15, 2016 meeting of the WASD Board, attended by all Board Members identified supra except Eric Duda, the Board upon motion and second approved the school bus routes for the 2016/2017 school year.

55.     Upon information and belief the afternoon routing of Bus 5 was set up to save time and money by jeopardizing student safety in that the route involved drop offs requiring students to cross dangerous highways to wit: State Route 430.

56.     This risk could have easily been eliminated by re-routing Bus 5 so that all passenger discharges were on the right side of the highway, thereby eliminating the need for students to cross dangerous roads even if it cost slightly more and took marginally more time.

57.     At the same meeting, the Board approved twenty-five (25) Durham employees to serve as school bus drivers for the 2016/2017 school year including Sanden.

58.     Pursuant to the bus routes proposed by Superintendent Berlin and approved the WASD Board, there were to be three (3) morning pick-ups and three (3) afternoon drop-offs at 10624 State Route 430, the home address of the Plaintiff's Decedent, Wion.

59.     At all times relevant to the instant matter, Durham dispatched three buses to pick up students at 10624 State Route 430 every morning.

60.     At all times relevant to this instant matter, Durham dispatched three buses to drop students off at 10624 State Route 430 on a daily basis.

61.     Upon information and belief, all three Durham morning pickups at 10624 State Route 430 were right side pick-ups, meaning that the bus pulled directly to the driveway of 10624 State Route 430 where the students could enter the bus without having to cross traffic.

11

62.     Upon information and belief, during two of the three afternoon drop-offs at 10624 State Route 430, the Durham bus dropped students off such that they could exit from the bus into their driveway without being exposed to the massive risk of crossing State Route 430.

63.     Only one of the six daily pick-ups or drop-offs required students at 10624 State Route 430 to cross in front of the bus and cross oncoming traffic in order to safely get into the driveway of 10624 State Route 430: namely the afternoon drop-off of WASD middle school bus number 5.

64.     This drop off was unreasonably dangerous and placed children, to wit: Decedent, at an unnecessary risk of harm or death given the routine speeds of Route 430 traffic, the common place poor weather conditions and the limited sight distances.

65.     This drop off was economically motivated and compromised the safety of the Decedent.

66.     Nothing about the facts of Decedent's injuries and death were unforeseeable to WASD, Durham or the Superintendent or the School Board and in fact to the contrary, the tragedy was imminently foreseeable, through any reasonable exercise of judgment.

67.     At all times relevant to this action, Decedent rode Durham bus number 5 home from school on February 9, 2017.

68.     The afternoon route of Bus 5 included a right turn from New Road onto south east bound State Route 430.

69.     State Route 430 is a 50 MPH posted traffic zone.

70.     Traffic on State Route 430 routinely exceeds the posted speed limit.

12

71.     This fact was either known or, through the exercise of reasonable diligence and observation, should have been known to the WASD, Berlin, the School Board Members and Durham.

72.     State Route 430 in the area of the Wion residence is a very high snow and blowing snow area commonly referred to as the "snow belt" and regularly resulting in poor visibility and dangerous conditions.

73.     This fact was either known or, through the exercise of reasonable diligence and observation, should have been known to the WASD, Berlin, the School Board Members and Durham.

74.     There is a significant vertical curve and change in elevation on State Route 430 as traffic approaches 10624 State Route 430 from the northwest heading south east.

75.     This fact was either known or, through the exercise of reasonable diligence and observation, should have been known to the WASD, Berlin, the School Board Members and Durham.

76.     Upon information and belief, Durham and WASD, its Superintendent and School Board Members are or should have been aware of the high speed traffic conditions present on State Route 430 in the area regularly traversed by Bus 5 on its afternoon route.

77.     Upon information and belief, there are no school bus stop warnings located on State 430 to the north and west of the intersection of State Route 430 and New Road or, more specifically, 10624 State Route 430.

78.     Upon information and belief, neither the WASD nor Durham ever made any request for the erection of any warning signs to indicate the presence of a school bus stop at or about 10624 State Route 430.

13

79.     The placement of a school bus stop in the south east bound lane of State Route 430 for students required to cross that highway was in all things negligent in subjecting children: to wit Wion, to an unreasonable risk of harm.

80.     The intersection of New Road and State Route 430 is a "T" intersection and lies at the crest of hill with a pronounced downward gradient as traffic proceeds from the northwest to the southeast creating a site distance limitation for traffic approaching from the northwest.

81.     The Defendant, Rodland, was approaching 10624 State Route 430 from the northwest heading generally southeast.

82.     The distance between the intersection of New Road and State Route 430 and the bus stop at 10624 State Road is approximately 330 feet.

83.     Even assuming that the Rodland vehicle would not have been visible to Sanden until it crested the hill at the intersection of New Road and State Route 430, the Rodland vehicle would have been visible to Sanden for 5.6 seconds at 40 mph and 4.5 seconds at 50 mph assuming no pre-impact deceleration. If there was pre-impact deceleration, Rodland would have been visible to Sanden for even longer, had Sanden been looking.

84.     As Sanden drove Bus 5 southwest on State Route 430 and as he approached the driveway of 10624 State Route 430, he activated his amber lights until bringing the bus to a stop at which point his red lights were activated.

85.     At that time, Wion's sister, Jaidee Warnick, arose from her seat and existed the bus crossing State Route 430 safely.

86.     Thereafter Wion arose from his seat and exited the bus.

14

87.     Upon information and belief, Sanden opened the bus door before traffic behind his bus to wit: Rodland had fully stopped.

88.     Upon information and belief, pursuant to Durham protocol, a driver is obligated not to open the bus door until traffic has fully stopped.

89.     Sanden failed to do so and in so doing violated Durham's protocols as well as school bus operation best practices.

90.     Before allowing students to alight from the bus, Sanden should have checked for traffic both approaching and following his bus and only after all traffic stopped.

91.     Upon information and belief Sanden did not do that.

92.     School bus drivers of students who must cross a roadway after getting off the bus should instruct their student passengers to stand to the side of the roadway far enough  in front of the bus to see while the driver checks for passing motorist so that he/she can warn students.

93.     That did not happen in this instance.

94.     Upon information and belief, Sanden was not monitoring his mirrors as he discharged Wion from school bus 5.

95.     While Sanden did activate his horn prior to Rodland striking the Decedent, he did so less than two seconds prior to impact.

96.     Assuming Sanden activated his horn as soon as he saw Rodland, that means he was not paying attention to his mirrors as Rodland would have been less than one bus length behind Durham bus 5 at that moment and closing in on Decedent rapidly.

97.     Sanden was not paying attention.

15

98.    Upon information and belief, school bus drivers should direct students to wait for a visual que from the driver before crossing opposing traffic.

99.    Upon information and belief, in this instance, Sanden gave Wion no visual indication about whether it was safe to cross State Route 430.

100.    Had he done so, he would have observed the Rodland vehicle approaching at a dangerous rate of speed.

101.    Upon information and belief, the road conditions at the time of the loss were snow covered and slippery making it foreseeable that vehicles approaching the bus may have difficulty slowing and stopping requiring extra care on the part of the school bus driver.

102.    According to Rodland, by the time he was first able to see school bus 5's lights based on the vertical curve in State Route 430, he attempted unsuccessfully to bring his vehicle to a stop due to road and visibility conditions.

103.    Presented with the bus in his path, Rodland had three options available to him: pull right and strike a telephone pole, rear end the bus risking injury to those on board or overtake the bus hoping that Jaidee Warnick was the only passenger alighting who had already passed safely across the road.

104.    Rodland chose the third option and in so doing struck Wion as he overtook the bus.

105.    Upon information and belief, vigilant school bus drivers should warn alighting students of danger by activating the bus horn.

106.    Instantly, although Sanden did activate the bus horn, he did so less than two (2) second before impact, functionally depriving Wion of any meaningful notice the Rodland vehicle overtaking the bus, at a time when Rodland would have been visible to him for at least

16

4.5 seconds and likely significantly longer, had Sanden been paying proper attention for approaching vehicles on this snowy, high speed, visually limited highway.

107.    Had Sanden been paying proper attention to his surroundings, he would have given Wion timely warning of the danger occasioned by Rodland's rapid approach, lane change and obvious inability to stop prior to overtaking Bus 5 on the left.

108.    In all things, Sanden failed to remain vigilant and follow both company specific protocols as well as industry wide protocols for the safe operation of a school bus and the discharge of students.

109.    At 10624 State Route 430, Wion exited school bus 5 crossing in front of it.

110.    At or about the same time Rodland overtook school bus 5 on the left (opposing) lane striking Wion with the right front of his 2007 red Jeep Grand Cherokee.

111.    Unfortunately, Wion died as a result of injuries sustained in the auto pedestrian crash.

## COUNT I

### Plaintiff v. Defendant Hunter Rodland

### Wrongful Death Claim

112.    Paragraphs 1 through 111 of this Complaint are incorporated herein as if set forth in their entirety.

113.    At all times relevant hereto the Defendant, Rodland had a duty to the Decedent to act reasonably so as not to harm the Decedent or place him at greater risk of harm.

114.    Defendant Rodland breached his duty to the Decedent in any or all of the following respects:

17

A. Operating his vehicle without being attentive and failing to maintain a property lookout of the road and traffic conditions;

B. Continuing to operate his vehicle when the Defendant saw or should have seen that further operation would result in a collision with the minor Decedent;

C. Failing to have his vehicle under sufficient control so as to be able to avoid the collision with the minor Decedent;

D. Operating his vehicle at an unsafe speed under the circumstances;

E. Failing to acknowledge and observe the red traffic lights on the school bus which signaled to him an obligation to stop and not pass;

F. Failing to operate the brakes of his vehicle so it could be stopped in time to avoid collision with the minor Decedent;

G. Failing to observe the minor Decedent on the roadway; and

H. Failing to avoid a collision with the minor Decedent when the Defendant saw or should have seen that the minor Decedent was in the middle of the road in plain view.

115. The Defendant Rodland is further negligent per se for violating the Pennsylvania Motor Vehicle Statute for driving too fast for conditions and overtaking a school bus with its lights activated.

116. As a direct and proximate result of the Defendant Rodland's negligence and carelessness, the Decedent, Noah Wion, suffered and numerous injuring including ultimately his death.

117. As a direct and proximate result of the negligence and carelessness of this Defendant, as describe in the preceding paragraph, the Plaintiff as Administratrix of the Estate of Noah Wion and behalf of her wrongful death beneficiaries, suffered the following injuries and damages:

18

       A.      Death of their child, Noah Wion;

       B.      Loss of support and maintenance;

       C.      Reasonable hospital, nursing, medical and funeral expenses; and

       D.      Expenses of administration necessitated by reason of injuries causing

death.

Wherefore, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor against all Defendants jointly and severally and award compensatory damages in an amount in excess of the arbitration limits of this Court including interest and costs of suit.

## COUNT II

### Plaintiff v. Defendant Hunter Rodland

### Survival Action

118. Plaintiff incorporates paragraph 1 through 117 of her Complaint as if more fully set forth herein at length.

119. At all times relevant hereto, the Defendant Hunter Rodland had a duty to the Decedent to act reasonably so as not to harm the Decedent or place him at a greater risk of harm.

120. The Defendant, Hunter Rodland, breached this duty to the Decedent in any or all of the following respects:

       A.      Operating his vehicle without being attentive and failing to maintain a property lookout of the road and traffic conditions;

       B.      Continuing to operate his vehicle when the Defendant saw or should have seen that further operation would result in a collision with the minor Decedent;

19

        C.      Failing to have his vehicle under sufficient control so as to be able to avoid the collision with the minor Decedent;

        D.      Operating his vehicle at an unsafe speed under the circumstances;

        E.      Failing to acknowledge and observe the red traffic lights on the school bus which signaled to him an obligation to stop and not pass;

        F.      Failing to operate the brakes of his vehicle so it could be stopped in time to avoid collision with the minor Decedent;

        G.      Failing to observe the minor Decedent on the roadway; and

        H.      Failing to avoid a collision with the minor Decedent when the Defendant saw or should have seen that the minor Decedent was in the middle of the road in plain view.

      121.    As a direct and proximate result of the Defendant's negligence and carelessness the Decedent suffered multiple serious trauma and injuries ultimately resulting in his death.

      122.    As a direct and proximate result of the negligence and carelessness of this Defendant as described in the preceding paragraphs, the Decedent suffered the following injuries and damages:

        A.      Pain and suffering;

        B.      Loss of enjoyment of life;

        C.      Future earning losses; and

        D.      Medical expenses.

      WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in her favor against all Defendants, jointly and severally and award compensatory

damages in an amount in excess of the arbitration limits of this Court including interest and costs of suit.

## COUNT III

### Plaintiff v. Defendant Aaron Sanden

### Wrongful Death

123.    Plaintiff incorporates paragraphs 1 through 122 of her Complaint as if more fully set forth herein at length.

124.    At all times relevant hereto, the Defendant, Aaron Sanden, had a duty to the Decedent to act reasonably so as to not harm the Decedent or place him at greater risk of harm.

125.    The Defendant, Aaron Sanden, breached his duty to the Decedent in the following particulars:

A.    Failing to give a verbal cue to the Decedent that it was safe to alight from the bus and cross in front of it.

B.    Filing to give a visual cue to the Defendant that it was safe to alight from the bus and cross in front of it.

C.    Failing to keep property lookout for approaching traffic.

D.    Failing to timely signal or warn the Decedent by horn of Rodland's approach and overtaking of the bus in the opposing lane.

E.    In opening the bus door before confirming that it was safe to do so and allow students to alight from the bus.

126.    As a direct and proximate result of the Defendant's negligence and carelessness, the Decedent suffered multiple serious traumas and injuries, ultimately resulting in his death.

21

127. As a direct and proximate result of the negligence and carelessness of this Defendant as described in the preceding paragraphs, the Plaintiff as the Administratrix of the Estate of Noah Wion and on behalf of his wrongful death beneficiaries, suffered the following injuries and damages:

        A. Pain and suffering;

        B. Loss of enjoyment of life;

        C. Future earning losses; and

        D. Medical expenses.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in her favor against all Defendants, jointly and severally and award compensatory damages in an amount in excess of the arbitration limits of this Court including interest and costs of suit.

## COUNT IV

### Plaintiff v. Defendant, Aaron Sanden

### Survival Action

128. Plaintiff incorporates paragraphs 1 through 127 of her Complaint as if more fully set forth herein at length.

129. At all times relevant hereto, the Defendant Aaron Sanden had a duty to the Decedent to act reasonably so as not to harm the Decedent or place him at greater risk of harm.

130. The Defendant, Aaron Sanden, breached this duty to the Decedent in the following particulars:

        A. Failing to give a verbal cue to the Decedent that it was safe to alight from the bus and cross in front of it.

22

B.   Filing to give a visual cue to the Defendant that it was safe to alight from the bus and cross in front of it.

C.   Failing to keep property lookout for approaching traffic.

D.   Failing to timely signal or warn the Decedent by horn of Rodland's approach and overtaking of the bus in the opposing lane.

E.   In opening the bus door  before confirming that it was safe to do so and allow students to alight from the bus.

131.   As a direct and proximate result of the Defendant's negligence and carelessness,

the Decedent  suffered multiple serious traumas and injuries, ultimately resulting in his death.

132.   As a direct and proximate result of the negligence and carelessness of this

Defendant as described in the preceding paragraphs, the Decent suffered the following injuries

and damages:

A.   Pain and suffering;

B.   Loss of enjoyment of life;

C.   Future earning losses; and

D.   Medical expenses.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter

judgment in her favor against all Defendants, jointly and severally and award compensatory

damages in an amount in excess of the arbitration limits of this Court including interest and costs

of suit.

## COUNT V

### Plaintiff v. Defendant Durham School Services, LP

### Respondeat Superior

133.    Plaintiff incorporates paragraphs 1 through 132 of her Complaint as if more fully set forth herein at length.

134.    At all times pertinent to this Complaint, Defendant Aaron Sanden was operating the school bus 5 as an agent, servant and/or employee of the Defendant Durham, thereby subjecting Durham to vicarious liability under the Doctrine of Respondeat Superior for the negligence of Defendant Sanden, as set forth in the preceding paragraphs of this Complaint.

135.    As a direct and proximate result of the negligence, carelessness, recklessness and/or vicarious liability of Defendant Durham, the Plaintiff's Decedent and the Estate has sustained the injuries and damages set forth in the preceding paragraphs of this Complaint.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against all Defendants, jointly and severally and award compensatory damages in an amount in excess of the arbitration limits of this court including interest and costs of suit.

## COUNT VI

### Plaintiff v. Defendant Durham School Services, LP

### Wrongful Death

136.    Plaintiff incorporates paragraph 1 through 135 of her Complaint as if more fully set forth herein at length.

137.    At all times relevant hereto Defendant Durham had a duty to the Decedent to act reasonably as not to harm the Decedent or place him at greater risk of harm.

138.    The Defendant, Durham breached this duty to the Decedent in the following particulars:

A.    Based on the actions of its driver, Aaron Sanden, as noted supra;

24

B.   In laying out a bus route map that was unreasonably dangerous in forcing children, to-wit the Plaintiff's Decedent, to cross a high speed highway with sight distance limitations and noticeably poor snow and blowing snow conditions when the risk could have been eliminated by an alternative route that would have resulted in a right side discharge off the bus directly into the Plaintiff's Decedent's driveway.

C.   In setting up a route was economically and temporally beneficial to the Defendant, but placed the Plaintiff's Decedents at unreasonable risk of harm.

D.   In having a route that required a discharge and crossing of a state highway on only one (1) of six (6) daily routes to and from 10624 State Route 430.

139.   As a direct and proximate result of the Defendant's negligence and carelessness, the Decedent suffered multiple serious trauma and injuries ultimately resulting in her death.

140.   As a proximate result of the negligence and carelessness of this Defendant as described in preceding paragraphs, the Plaintiff as Administratrix of the Estate Noah Wion and on behalf of the wrongful death beneficiaries suffered the following injuries and damages:

A.   Pain and suffering;

B.   Loss of enjoyment of life;

C.   Future earning losses; and

D.   Medical expenses.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in her favor against all Defendants, jointly and severally and award compensatory damages in an amount in excess of the arbitration limits of this Court including interest and costs of suit.

## COUNT VII

### Plaintiff v. Defendant Durham School Services, LP

## Survival Action

141.    Plaintiff incorporates paragraph 1 through 140 of her Complaint as if more fully set forth herein at length.

142.    At all times relevant hereto, the Defendant Durham had a duty to the Decedent to act reasonably so as not to harm the Decedent or place him at greater risk of harm.

143.    The Defendant, Durham, breached this duty to the Decedent in the following particulars:

      A.    Based on the actions of its driver, Aaron Sanden, as noted supra;

      B.    In laying out a bus route map that was unreasonably dangerous in forcing children, to-wit the Plaintiff's Decedent, to cross a high speed highway with sight distance limitations and noticeably poor snow and blowing snow conditions when the risk could have been eliminated by an alternative route that would have resulted in a right side discharge off the bus directly into the Plaintiff's Decedent's driveway.

      C.    In setting up a route was economically and temporally beneficial to the Defendant, but placed the Plaintiff's Decedents at unreasonable risk of harm.

      D.    In having a route that required a discharge and crossing of a state highway on only one (1) of six (6) daily routes to and from 10624 State Route 430.

144.    As a direct and proximate result of the Defendant's negligence and carelessness, the Decedent suffered multiple serious traumas and injuries, ultimately resulting in his death.

145.    As a direct and proximate result of the negligence and carelessness of this Defendant as described in the preceding paragraphs, the Decent suffered the following injuries and damages:

      A.    Pain and suffering;

26

B.     Loss of enjoyment of life;

C.     Future earning losses; and

D.     Medical expenses.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in her favor against all Defendants, jointly and severally and award compensatory damages in an amount in excess of the arbitration limits of this Court including interest and costs of suit.

### COUNT VIII

#### Plaintiff v. Defendants  BERLIN AND ALL SCHOOL BOARD

#### 42 U.S.C. § 1983

146.     Plaintiff incorporates paragraph 1 through 145 of her Complaint as if more fully set forth herein at length.

147.     At all times relevant to this action, the Superintendent, Berlin, and Duda, Hallock, McNally, Paris, M. Pushchak, Sandberg, Snippert, Thayer-Zacks and A. Pushchak (collectively "the 1983 Defendants") were acting color of state law, as officials of the WASD.

148.     Specifically, at all times relevant to this action the 1983 Defendants were responsible for the decision making with respect to the selection and placement of school bus stops and routes.

149.     In particular, the 1983 Defendants had authority and were required by statute and regulations of the Commonwealth of Pennsylvania to exercise due diligence to select and place school bus stops and routes, and they intentionally and/or recklessly or with deliberate indifference failed to performed such duties as required by state law.

150.     During the tenure of the 1983 Defendants and during the ten years of prior officials of the WASD, knowledge of which was gained by these 1983 Defendants, these 1983 Defendants were

27

on actual notice of the dangerous conditions related to the location of a bus stop on the southeastern berm adjacent to 10624 State Route 430.

151. These 1983 Defendants were aware of the fact that five (5) of the six (6) bus stops at 10624 State Route 430 were right side discharges based on the extreme danger caused by the vertical curve of State Route 430 just northwest of 10624 State Route 430, as well as the extreme high speed nature of State Route 430 and the routinely adverse weather conditions involving snow, ice, rain and fog in the area.

152. Placing or approving one of the six Wion residence bus stops on the opposite side of the State Route 430 by these Defendants constitutes a state created danger in that the harm that occurred was foreseeable.

153. Forcing an 11 year old child to cross this extremely dangerous highway shocks the conscience.

154. The Decedent was a foreseeable victim and these Defendants used their position of authority to create or approve the route of Bus #5 and in so doing created the risk that placed Decedent in the vulnerable position that foreseeably lead to his death.

155. Despite actual knowledge of these risk factors, these 1983 Defendants acted intentionally, recklessly or without deliberate indifference and in the economic best interest of the WASD and to the detriment of the safety of the children they are charged with caring for in refusing to reroute the bus 5 afternoon school bus such that the route would have eliminated the need for children crossing State Route 430.

156. The actions and/or omissions of these 1983 Defendants constitute an intentional, reckless, callous and/or deliberate indifference to the constitutional right to substantive due process of the citizens, particularly the Decedent who would be utilizing the school bus services.

28

157.    As a direct and proximate result of the actions  and /or omissions of the 1983

Defendants, Decedent, Noah Wion, was deprived of clearly established fundamental substantive due

process rights guaranteed under the Fourth Amendment to the United States Constitution.

158.    As a result of the deprivation of the Decedent's substantive due process rights, Plaintiff

sustained injuries and damages identified in the preceding paragraphs of this Complaint.

WHEREFORE, the Plaintiff demands judgment against these 1983 Defendants for

compensatory damages in an amount in excess of the jurisdictional minimum for the jury trial, together

with punitive damages, damages for delay in payment, interest, costs of action and attorney's fees

pursuant to 42 U.S.C. § 1988.

## COUNT IX

### Plaintiff v. Defendant, Wattsburg Area School District

### 42 U.S.C. § 1983

159.    Plaintiff incorporates paragraph 1 through 158 of her Complaint as if more fully set

forth herein at length.

160.    Prior to the incident giving rise to this action, upon information and belief, the 1983

Defendants were on actual notice of the dangerous nature of a southeast bound school bus stop across

from 10624 State Route 430.

161.    Prior to the incident giving rise to this action, the WASD developed and maintained a

policy or custom which caused the deprivation of the Decedent, Wion's, constitutional rights, to-wit,

the 1983 Defendants, particularly the school board members authorized resolution to approve the

school bus route for school bus 5 that required the children during the afternoon run to cross State Route 430.

162.    Prior the incident giving rise to this action, the responsible policy making officials of the WASD knew, or through the execution of reasonable care, should have known that the placement of a school bus stop on the berm of southeast bound State Route 430 created a chronically dangerous condition and exposed young school children, including the Decedent, Noah Wion, to serious safety threats, the knowledge of which was actually known by the 1983 Defendants.

163.    Despite this actual knowledge, the WASD, through its Board Members, voted to approve the school bus route and driver for the 2016/2017 school year, which motion carried unanimously during an August 15, 2016 vote.

164.    This was an economically driven cost savings decision that this Defendant knew would expose those in its care to, wit: Wion, to an unreasonable risk of harm.

165.    Decedent was a completely foreseeable victim.

166.    As a direct and proximate cause of the policy as memorialized by the WASD bus route the Decedent, Noah Wion was deprived of his clearly established fundamental substantive due process rights guaranteed under the Fourteenth Amendment of the United State Constitution.

167.    As a result of the deprivation of the Decedent's substantive due process rights, Plaintiff sustained injuries and damages identified in the preceding paragraphs of this Complaint.

WHEREFORE, the Plaintiff demands judgment against these 1983 Defendants for compensatory damages in an amount in excess of the jurisdictional minimum for the jury trial, together with punitive damages, damages for delay in payment, interest, costs of action and attorney's fees

pursuant to 42 U.S.C. § 1988.

Respectfully submitted,

By: _____

William J. Kelly, Jr., Esquire
Attorney for Plaintiff
230 West 6th Street, Ste. 201
Erie, Pennsylvania 16507
(814) 456-1919

Dated: _____5/12_____, 2017

31

| | | |
|---|---|---|
| KATHLEEN WION, as | ) | IN THE COURT OF COMMON PLEAS |
| Administratrix of the ESTATE OF | ) | OF ERIE COUNTY, PENNSYLVANIA |
| NOAH SAMUEL WION, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION – LAW |
| | ) | |
| HUNTER K. RODLAND, AARON | ) | |
| SANDEN, WATTSBURG AREA | ) | |
| SCHOOL DISTRICT, DUHRAM SCHOOL | ) | NO. |
| SERVICES, LP, KENNETH A. | ) | |
| BERLIN, ERIC DUDA, WILLIAM | ) | |
| HALLOCK, NANCY McNALLY, | ) | |
| JOSHUA PARIS, MARTIN PUSHCHAK | ) | |
| BRENDA SANDBERG, AARON | ) | |
| SNIPPERT, AMANDA THAYER- | ) | |
| ZACKS, and ANTHONY PUSHCHAK | ) | |
| Defendants | ) | TRIAL BY JURY OF 12 DEMANDED |

## VERIFICATION

I, Kathleen Wion, as Administratrix of the Estate of Noah Samuel Wion , hereby state that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.  This statement is made subject to the penalties of 18 Pa.C.S.A. §4909 relating to unsworn falsification to authorities and is given pursuant to the provisions for verification of pleadings as defined and provided for in Rule 1024 of the Pennsylvania Rules of Civil Procedure.

Kathleen Wion, as Administratrix
of the Estate of Noah Samuel Wion

Dated: May 12 , 2017

| | | |
|---|---|---|
| KATHLEEN WION, as | ) | IN THE COURT OF COMMON PLEAS |
| Administratrix of the ESTATE OF | ) | OF ERIE COUNTY, PENNSYLVANIA |
| NOAH SAMUEL WION, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION – LAW |
| | ) | |
| HUNTER K. RODLAND, AARON | ) | |
| SANDEN, WATTSBURG AREA | ) | |
| SCHOOL DISTRICT, DURHAM SCHOOL | ) | NO.  11362-2017 |
| SERVICES, LP, KENNETH A. | ) | |
| BERLIN, ERIC DUDA, WILLIAM | ) | |
| HALLOCK, NANCY McNALLY, | ) | |
| JOSHUA PARIS, MARTIN PUSHCHAK | ) | |
| BRENDA SANDBERG, AARON | ) | |
| SNIPPERT, AMANDA THAYER- | ) | |
| ZACKS, and ANTHONY PUSHCHAK | ) | |
| Defendants | ) | TRIAL BY JURY OF 12 DEMANDED |

## ACCEPTANCE OF SERVICE

I, Richard A. Lanzillo, Esquire, hereby accept service of the Complaint on behalf of the Defendants, Wattsburg Area School District, Kenneth Berlin, Eric Duda, William Hallock, Nancy McNally, Joshua Paris, Martin Pushchak, Brenda Sandberg, Aaron Snippert, Amanda Thayer-Zacks and Anthony Pushchak,  filed at the above-referenced docket number.

Richard A. Lanzillo, Esquire

Dated: May 15, 2017