# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN WION, as Administratrix of the ESTATE OF NOAH SAMUEL WION, | ) ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | Civil Action No. 17-135 Erie Judge Nora Barry Fischer |
| HUNTER K. RODLAND, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This action stems from the tragic death of an eleven-year old boy, Noah Wion, who was struck by a vehicle while crossing State Route 430 at his designated bus stop. The Administratrix of Noah's estate, Kathleen Wion, initiated a wrongful death, survival and civil rights action against, *inter alia*, the driver of Noah's bus, Aaron Sanden ("Sanden"); the owner and operator of the bus, Durham School Services, LP ("Durham"); the Wattsburg Area School District ("WASD"); the Superintendent of Schools, Kenneth A. Berlin ("Berlin"); and each of the nine individual members of the School District's Board of School Directors (the "Board Members" and, collectively with Berlin and the WASD, the "School District Defendants"). With respect to the School District Defendants, Wion relies on a state-created danger theory of liability, contending that Noah's death was caused by the Defendants' decision to place his bus stop in a location that required him to cross a dangerous county road during hazardous conditions.

Durham and Sanden filed a Motion to Dismiss and Motion to Strike on June 2, 2017. (Docket No. 4). The School District Defendants filed a Motion to Dismiss on June 5, 2017. (Docket No. 6). The motions were each referred to United States Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with 28 U.S.C. 636(b)(1) and Rule 72 of the Local Rules for Magistrate Judges. On November 28, 2017, Magistrate Judge Baxter issued a Report and Recommendation ("R&R") (Docket No. 34) in which she recommended that both pending motions to dismiss be denied. She also recommended that Sanden and Durham's Motion to Strike be granted in part and denied in part.

On December 1, 2017, the School District Defendants filed Objections to the R&R. Where, as here, objections have been filed, the Court is required to make a *de novo* determination as to those portions of the R&R to which objections were made.[1] See 28 U.S.C. 636(b)(1). After conducting a careful *de novo* examination of the School District Defendants' Objections, the Magistrate Judge's R&R is adopted in part and rejected in part, as discussed more fully below.

In broad brush, the School District Defendants object to the R&R in two respects. First, they contend that the Magistrate Judge erred in concluding that the facts alleged in the Complaint support a state-created danger theory of liability. Defendants rely heavily on a recent case from the Eastern District of Pennsylvania, Estate of Viola v. Township of Bensalem, 96 F.Supp.3d 466 (E.D. Pa. 2015), in which a high school student was killed while crossing a busy city street on the way to his bus stop. Id. at 468. The court held that the school district's decision to place the bus stop in that location did not "shock the conscience" within the meaning of the state-created danger standard[2] because "there [were] no allegations that the Municipal Defendants had

---

[1] Sanden and Durham did not file objections to the R&R.
[2] To prevail on a "state-created danger" theory, a plaintiff must prove four elements: 1) the harm ultimately caused

any knowledge that the location of the accident was particularly dangerous or that they had been informed of other traffic accidents at that intersection," or that "any students or their parents had complained to the school about the safety of the bus stop." Id. at 470. The court also held that the decision to place the location of the bus stop in a particular location was not an 'affirmative use of authority" so as to satisfy the fourth prong of the state-created danger analysis. Id.

In her R&R, the Magistrate Judge carefully distinguished Viola on several grounds, noting that Noah Wion was much younger than the decedent in Viola and that the dangers he faced were more obvious:

> Plaintiff alleges that the School District Defendants approved the location of Noah's bus stop, and did so while aware of the posted speed limit, the limited visibility conditions of the roadway at issue, including the vertical curve, the blowing snowy conditions common to the location, and the absence of any device or sign to warn drivers of an approaching school bus stop. Plaintiff also alleges that these Defendants were aware that the route selected would require an eleven year-old-boy to cross the highway without benefit of a crosswalk, or crossing guard.
>
>      \*        \*        \*        \*        \*        \*        \*        \*        \*
>
> Here, "ordinary common sense and experience" should inform of the risks associated with a school bus stop that required an eleven-year-old to cross an unmarked roadway at a location controlled only by a 50 mph speed zone, with substantial visibility issues presented by the contour of the road and typical weather conditions.

(Docket No 34, at 10-11).

Because the School District had the benefit of deliberation in reaching its decision as to where to place the bus stop, the Magistrate Judge also determined that the District's "disregard to known and obvious dangers" satisfied the conscience-shocking element. Id. at 11. Finally, the Magistrate Judge concluded that the School District Defendants' decision affirmatively placed

---

was foreseeable and fairly direct; 2) a state actor acted with a degree of culpability that shocks the conscience; 3) the plaintiff was a foreseeable victim, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions; and, 4) a state actor affirmatively used his or her authority in a way that created a danger to the plaintiff or that rendered him more vulnerable to danger than had the state not acted at all. Morrow v. Balasky, 719 F.3d 160, 177 (3d Cir. 2013) (citing Bright v. Westmoreland City, 443 F.3d 276, 281 (3d Cir. 2006)).

Noah in a situation where he had no choice but to cross a dangerous highway in order to get home from his bus stop. Id. at 12.

At this stage in the proceedings, we agree that the elements of a state-created danger theory of liability have been adequately pled. Even if Viola were binding, it would be unreasonable to interpret that decision as suggesting that the placement of a bus stop in a dangerous location can never, under any set of facts, result in state liability. The Magistrate Judge correctly observed that Wion has pled the existence of numerous factors that distinguish this case from the scenario presented in Viola. Given these distinctions, as well as the nascent posture of this case, Wion's claims should be permitted to proceed to discovery.

Next, Superintendent Berlin and the nine individual Board Members object to the Magistrate Judge's refusal to dismiss them from this action on the basis of qualified immunity. Curiously, Wion conceded that Berlin and the Board Members were entitled to qualified immunity in her response to Defendants' Motion to Dismiss. (Docket No. 12, at 2 n. 1). Despite this concession, the Magistrate Judge analyzed this issue and concluded that qualified immunity did not apply. (Docket No. 34, at 12-14). We disagree.

In determining whether qualified immunity applies, the court must determine whether the plaintiff has alleged a violation of a constitutional right and "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." Pearson v. Callahan, 555 U.S. 223, 231 (2009). With respect to the second prong of this analysis, the Magistrate Judge broadly concluded that there is a "clearly established right . . . not to be removed from a safe environment and placed into one in which it is clear that harm is likely to occur, particularly when the individual may, due to youth and other factors, be especially vulnerable to the risk of harm." (Docket No. 34 at 13) (citing L.R. v. School Dist. of Philadelphia, 836 F.3d 235, 248-49

(3d Cir. 2016)).  However, in <u>Mann v. Palmerton Area School District</u>, the Third Circuit Court of Appeals emphasized that the "clearly established" prong of the qualified immunity inquiry must be analyzed "at the appropriate level of specificity."  <u>Mann</u>, 872 F.3d 165, 173 (3d Cir. 2017).  In other words, qualified immunity is only denied where factually-similar precedent exists that would have placed the defendant on notice that his or her specific conduct was constitutionally unlawful.  <u>Id</u>. (noting that a court must "frame the right at issue in a more particularized, and hence more relevant, sense, in light of the case's specific context, not as a broad general proposition.") (quoting <u>Spady v. Bethlehem Area School District</u>, 800 F.3d 633, 638 (3d Cir. 2015)).

The Third Circuit's holding in <u>Mann</u> adroitly illustrates this principle.  In <u>Mann</u>, a high school football player sustained a hard hit during practice that appeared to cause a concussion. <u>Id</u>. at 169-70. Despite displaying concussion symptoms, the student continued to participate in practice, ultimately sustaining a traumatic brain injury.  <u>Id</u>.  His parents filed a lawsuit alleging that the head football coach's failure to remove their son from practice amounted to a state-created danger.  <u>Id</u>. at 170.  In response, the football coach raised the doctrine of qualified immunity.  <u>Id</u>.

As in the instant case, the plaintiffs attempted to overcome qualified immunity by relying on <u>L.R. v. School District of Philadelphia</u> for the broad proposition that an individual has a right "not to be removed from a safe environment and placed into one in which it is clear that harm is likely to occur."  <u>Id</u>. at 173 (citing <u>L.R.</u>, 836 F.3d at 249).  The Third Circuit rejected the plaintiffs' invitation to extend <u>L.R.</u> in this fashion, observing that the general principles pronounced in <u>L.R.</u> had never been applied in "the specific context [of] a football player fully clothed in protective gear, including a helmet, who experiences a violent blow, shows signs of a

concussion, and is required to continue to engage in the same activity that caused the first substantial hit." Id. Because the Court could not find any decision "where a state-created danger was established after a student-athlete was required to continue to compete after sustaining a substantial hit," the Court concluded that there was not "sufficient precedent at the time of action, factually similar to the plaintiff's allegations, to put [the] defendant on notice that his or her conduct is constitutionally prohibited." Id. at 173-74 (quoting Mammaro v. New Jersey Div. of Child Prot. & Permanency, 814 F.3d 164, 169 (3d Cir. 2016)).

The same is true in the instant case. Plaintiffs have failed to cite any precedent in which a court applied the state-created danger theory to the location or approval of a bus stop. Indeed, in the only factually similar case, Viola, the district court declined to apply the state-created danger theory. Viola, 96 F.Supp.3d at 468. We cannot conclude that a right is "clearly established" where no court has ever applied the asserted right to the specific factual scenario presented herein. See Mann, 872 F.3d at 174 ("Here, no case from this Court or any of our sister Courts of Appeals, let alone a Supreme Court case, has applied the principles we elucidated in L.R. . . . to the school athletic context. We therefore agree with the District Court that the right at issue here was not clearly established"). Accordingly, the Magistrate Judge erred in refusing to dismiss Superintendent Berlin and the Board Members on the basis of qualified immunity.

For the foregoing reasons, the Court agrees with the Magistrate Judge that the motions to dismiss for failure to state a claim should be denied as to Sanden, Durham, and WASD. However, the Court disagrees with the Magistrate Judge's decision to deny qualified immunity to Superintendent Berlin and the individual Board Members. In light of these determinations, the following order is entered:

IT IS HEREBY ORDERED that the R&R [Docket No. 34] is adopted in part and rejected in part, as set forth in this Memorandum Order;

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Sanden and Durham [Docket No. 4] is DENIED, and the Motion to Strike filed contemporaneously therewith is GRANTED in part and DENIED in part;

IT IS FURTHER ORDERED that the Motion to Dismiss [Docket No. 6] filed by the School District Defendants is GRANTED as to Superintendent Berlin and the nine individual Board Members, and DENIED as to WASD; and,

IT IS ORDERED that all claims against Superintendent Berlin, Eric Duda, William Hallock, Nancy McNally, Joshua Paris, Martin Pushchak, Brenda Sanberg, Aaron Snippert, Amanda Thayer-Zacks, and Anthony Pushchak are dismissed, with prejudice. Each of these defendants is terminated from this action.

_/s/ Nora Barry Fischer_
Nora Barry Fischer
United States District Judge

CC/ECF:     All parties of record.
Date:       January 12, 2018